Argued and submitted December 2, 1991, remanded with instructions to modify paragraph 9 of judgment; otherwise affirmed July 22, reconsideration denied October 14, petition for review denied October 27, 1992 (314 Or 574)

In the Matter of the Marriage of

Ann Edith WAKER,
*Respondent,*

*and*

Richard Carl WAKER,
*Appellant.*

(C892530DR; CA A69759)

834 P2d 522

Michael R. Sahagian, Aloha, argued the cause and filed the brief for appellant.

John Bassett, Milwaukie, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Husband appeals a judgment of dissolution of the parties' marriage. He contends that the judgment does not accurately reflect the settlement agreement to which the parties stipulated during trial. We modify the judgment.

During a recess in the trial, the parties arrived at a settlement of all issues. The stipulated settlement was read into the record by wife's attorney and agreed to by husband and his counsel. Wife's counsel submitted a proposed judgment that was signed, over husband's objection. He contended that certain provisions of the judgment do not conform to the parties' agreement. We review *de novo* and, after examination of the record, conclude that only one of husband's contentions merits discussion.

Husband is a stockholder in Waker Associates, Inc. The division of his interest in the corporation was a major issue at trial. The shareholders of the corporation had entered into a Stockholders' Agreement that, among other things, contained the obligation of the shareholders and the corporation, should a shareholder desire to sell his or her shares. The gist of the agreement is that, if stock is to be sold by a shareholder, it must first be offered to the corporation at a specified price and on a payment schedule. If the corporation exercises the option, it must pay an initial down payment and issue notes for the balance that are personally guaranteed by the other shareholders and their spouses.

The stipulation was that wife would receive $373,445 as her share of husband's interest in the corporation "payable in accordance with the terms of the Stockholders' Agreement of Waker Associates Incorporated." The judgment provides:

"9. [Wife] is awarded a judgment against [husband] in the sum of $373,445 *which judgment shall be guaranteed by the remaining shareholder[s] of the Corporation and his spouse as to both principal and interest in accordance with the terms of the Stockholders Agreement of Waker Associates, Inc., executed September 26, 1975.* This judgment sum represents [wife's] marital interest in the 200 shares of stock in Waker Associates, Inc., owned by [husband]. [Husband] shall pay to [wife] the sum of $100,000 within ninety days from February 8, 1991. The balance of this judgment shall be paid

*in accordance with the terms of the Stockholders Agreement* in four remaining equal installments each including interest with the next installment due on February 8, 1992 and each year thereafter until the balance of this judgment is paid in full. *The unpaid portion of this judgment shall accrue interest at the rate of 9% per annum from February 8, 1991 until the judgment balance is paid in full.*" (Emphasis supplied.)

Husband argues that the other shareholders and the corporation are not parties to this proceeding and cannot be bound by a judgment to guarantee his payments to wife. We agree. We interpret the stipulation to be that the payment schedule of the Stockholders' Agreement is to be adopted, not the guarantee provisions. The emphasized parts of paragraph 9 should be deleted.

Remanded with instructions to modify paragraph 9 of judgment not inconsistently with this opinion; otherwise affirmed. No costs to either party.